72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Huey LOWERY, Appellant.
 No. 95-2713.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 7, 1995.
Filed Dec. 15, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Huey Lowery challenges the 108-month sentence imposed by the district court[1] after he pleaded guilty to aiding and abetting the possession of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 For sentencing purposes, the parties stipulated that Lowery qualified for a sentence below the applicable statutory mandatory minimum 120-month sentence, as permitted by 18 U.S.C. Sec. 3553(f) and U.S.S.G. Sec. 5C1.2. At sentencing, Lowery requested, inter alia, a downward departure under U.S.S.G. Sec. 5K2.0. Lowery maintained that (1) the United States Sentencing Commission's February 1995 conclusion that the 100-to-1 ratio between penalties for crack cocaine and powder cocaine was no longer justified, and (2) a proposed Guidelines amendment, forwarded by the Commission to Congress for its consideration, which would have eradicated the sentencing distinction between crack cocaine and powder cocaine, were mitigating factors which the Commission did not adequately consider when it formulated the existing Guidelines.
 
 
 3
 The district court denied Lowery's motion, concluding sections 3553(f) and 5C1.2 did not permit it to depart from the statutory mandatory minimum sentence and to then depart from the applicable Guidelines range, 108 to 135 months in this case. While it "approve[d]" of the Commission's recommendations, the district court stated it did not have the power to grant a departure on the grounds Lowery asserted.
 
 
 4
 Lowery contends the district court erroneously concluded sections 3553(f) and 5C1.2 did not permit it to depart downward below the Guidelines range, and asks us to remand so that the district court may consider in the first instance the propriety and the extent of any departure. We need not address Lowery's argument concerning sections 3553(f) and 5C1.2, and also conclude remand would serve no purpose, as Lowery's departure argument is foreclosed by our recent decision in United States v. Higgs, No. 95-1928, slip op. at 2 (8th Cir. Nov. 9, 1995).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota